We move to the last case this morning. And Ms. Shaw, thank you very much for your representation of your client accepting the appointment. Next case Hrobowski v. United States and Mr. Henderson. Good morning, may it please the court. I'm Peter Henderson. I represent Patrick Hrobowski. This case features an analysis of Section 2255 on a second or successive petition. And I want to separate out the gatekeeping function of 2255 from the merits of 2255. Mr. Hrobowski's claim is on the merits. He has passed the gate. The gate erects hurdles in terms of requiring a new rule of constitutional law that's made retroactive by the Supreme Court and delimits in 2255H and 2244, which both say if the claim does not involve this or does not contain this new rule, it should be dismissed. The district court construed Mr. Hrobowski's argument about these convictions on which his rights have been restored as a new claim. That is not a claim. Mr. Hrobowski submitted a supplemental memorandum in support of his Johnson claim, which I think everybody agrees meets the gatekeeping requirements, to show why on the merits, once we get past the gate, that the Johnson error was not harmless. So the district court erred in assigning that particular argument to a new claim, because a new claim then could be dismissed under 2244, because we have to go back to the gate for any new claims. The Ninth Circuit, in addressing this sort of unique scenario where you have multiple convictions, some of which relied on the residual clause, some of which didn't, I think established the right framework in the Giozzo's case and said, one, does this claim involve Johnson? Are we talking about the residual clause of the Armed Career Criminal Act? If not, the case gets dismissed, even if you no longer have three qualifying convictions. That's this court's holding in Holt and Stanley and Dawkins, where petitioners said, well, my burglary conviction no longer counts. Well, that's a Mathis claim. That's not Johnson. My aggravated battery shouldn't count under the 2010 Johnson case. That's not a Johnson claim under 2015. And so that gets dismissed right out at the beginning. That doesn't make it past the gate. Mr. Hrabowski, however, has gotten past the gate. He has a Johnson claim. He was sentenced in violation of the Constitution, because his sentence relied in part on this residual clause that the Supreme Court has declared unconstitutional. And so the second step, once we're past the gate and once we're to the merits, is, well, was the error harmless? If he had had five other convictions for violent felonies, it's a harmless error. Mr. Henderson, can I ask you a couple of questions? As I understand this record, the so-called Buchmeier Restoration of Rights arguments, the challenges that he's raising now to two of the predicate convictions, would have been timely in his direct appeal in 2007, correct? Yes. In his original 2255 claim. That's right. But were not raised then. So can you direct us to comparable situations where harmless error analysis winds up becoming a vehicle for raising new challenges to issues that were never raised before in a case? Well, I think the best analogy, sort of coming at it from the opposite angle, is the situation you had in Lockhart v. Fretwell, where the defendant there was subject to ineffective assistive counsel. There is a state court opinion saying that he should have gotten relief. His lawyer didn't pursue it. And so he lost and he brought a habeas petition. And in the meantime, the state law changed, and so he was no longer entitled to relief. But he said, well, but that doesn't mean my lawyer wasn't ineffective. At the time, the law said, yeah, I'm entitled to this relief. And the Supreme Court said, no, we look to the law as it exists at the time of the habeas petition. We don't try to reconstruct what the law might have been at the time of the original sentencing or whether these claims have been preserved. In other words, we're not dealing with the typical doctrines of procedural default of the second or successive because we're on the merits. We have to look at the law as it exists. Okay, that's useful, but let me throw a somewhat complicated hypothetical at you, okay, in which we're looking at a habeas case. And there's evidence, block of evidence A is admitted in violation of the Constitution. The state defends the habeas petition by saying, well, no, that error was harmless. And the defendant or the petitioner responds by saying, well, there's another block of evidence, B, that was admitted without objection, but it's now clear that that was in violation of my confrontation rights or maybe in violation of state evidence law at the time. And even though I didn't object, that was an error that keeps the other, the constitutional error from having been harmless. Do we do that or do we just basically take the record as it stands in evaluating harmless error? I don't know that there's a case either way. I would think in your hypothetical the petitioner there is offering a reason why the state's affirmative defense of harmless error is not persuasive. In other words, the state has the burden to show that the error is harmless, and they say, well, look, there's all this other evidence. I think the petitioner is entitled to say, yeah, but that other evidence shouldn't have been admitted either. And in the Johnson context, I think – I understand why you might prefer that answer, but I've never heard of such an approach. I suppose I haven't heard of the opposite either, though. I mean, this is a unique situation. I think it was in either Dawkins or Stanley where this court talked about there are some convictions you might not have challenged before Johnson because it would have made no impact on the ultimate decision. You've got four violent felonies. If you challenge one for a restoration of rights, you've still got three. It doesn't make a difference. And that's why I think it makes sense to evaluate the record in the present under the current law, under the current facts that we know, because those earlier disputes, there may not have been a motivation to bring up evidentiary disputes, disputes about whether this qualifies or not. That's why it's preferable. And the thing is the district court essentially did this in evaluating whether these other three convictions still count. They used law that postdated Mr. Horowski's sentencing. The district court viewed these convictions through the lens of Mathis, relied on other cases from the last few years to say, yeah, these convictions still count. So we do look to current law to see is the error harmless. And this is all done on the merits. This is not subject to the gatekeeping function because we're past the gate. So let me save a couple minutes for rebuttal. Thank you. Ms. Bonamici? Yeah, please, the court. Good morning. Deborah Bonamici on behalf of the United States. Your Honor, the district court properly denied the defendant's motion because, as the defendant now concedes, he did have three violent felonies that were unaffected by the Supreme Court's decision in Johnson. And this court has held numerous times that there is no Johnson error when that is the case. The defendant here has raised a Buckmeyer argument, which is a separate and independent claim, regardless of the defendant's attempt to characterize it as a harmlessness analysis, because in the first instance, where there's no error, there's no occasion for the court to engage in an analysis regarding harmlessness. And that's what we have here. The defendant characterizes the limited Johnson problem here as a Johnson mistake. Again, mistake, whatever that is, it's not a legal error that leads to a harmlessness analysis. But in any event, the fundamental basis of that argument is that he wants to distinguish himself from cases like Holt and Stanley on the basis that he had a surplus of violent felonies so that the loss of one under Johnson became completely irrelevant to the analysis. And that really is something that makes not a lot of sense. So in other words, by arguing that he gets in the door in the gate because he has one claim that did fall after Johnson, that somehow that creates an opportunity for him to make every argument possible under the law as it stands today. And for the record, as Judge Hamilton has already mentioned, the Buckmeyer decision was not a new decision. It was available to him before. So this is really not akin to taking into account cases like Mathis and cases that occur, both cases from the Supreme Court rather than this court, number one, and also cases that occurred subsequent to his conviction, his sentencing, and his prior 2255s. This is a case where the statute, the 2255 statute, clearly excludes a Buckmeyer claim in the sense that Buckmeyer is not a decision of the Supreme Court that issues a new rule made applicable on collateral review by the Supreme Court. It does not meet the requirements of the statute. Tell me that again. Why aren't these excluded on the basis of the restitution of rights? I'm sorry. Because he's on a second or successive motion for collateral relief, the statute allows very limited claims to be made and also sets a time limit for those. This is not a claim that can be made as a second and successive. And even if it were, it's untimely because the Buckmeyer decision was issued in 2009. So it's just, it's not properly made here regardless. And as in Holt, the government's argument is that in this context, if there is to be relief had here, it is not available through 2255. If anything at all could be raised, it would be an argument under 2241 brought in the jurisdiction where the defendant is now detained. That was the analysis in Holt, and we say that analysis applies here as well. This cannot be distinguished from Holt on the grounds that there was one surplus conviction that did fall under Johnson. That's her argument. So the question here becomes really a procedural one, and it's not an insignificant one. 2255 was established for the purpose of limiting collateral relief, especially in the context of second and successive claims. There is an important social interest and finality that Congress was attempting to support, and it is just not inconsequential. This is a situation where the procedural niceties have consequence and are important, and it's important for the court to define those and follow them. Would you agree, Ms. Bonamici, though, that if we were to take a fresh look at this record, it's pretty clear that at least three of these prior, of the four prior felonies that were counted, don't count anymore? If this were today and the defendant were being sentenced today, that is what the court would do, yes. Right. We would agree on that. And so what I struggle with, you and Petitioner's Counsel basically seem to be looking at this through opposite ends of a telescope, and I guess the thing I struggle with is finality is so important that we have to overlook what looked like, at least with hindsight here, fairly clear errors in the treatment of prior convictions, even though one of them is a second-degree murder conviction, right? Yes. And the other is aggravated discharge of a firearm? Yes. Yes. This is, I mean, this is the case where, on the record, the defendant's prior convictions surely put him in the heartland of what the on-career criminal. But for the restoration of his civil rights. Correct. Correct. And, you know, that's another issue. That's something that was not raised until 2015 after his lawyer looked into it and got sample letters. This isn't a case where the defendant actually had received the letter or demonstrated that he had received any of these letters. That's a distinction that this court doesn't make, and I'm not trying to raise that as a distinction, as a legal distinction. But it is a difficult issue. But what I would say to you, Judge Hamilton, is that if there is a fundamental defect here, it is properly raised in the context of a 2241 motion in the court or in the jurisdiction where the defendant is presently detained. This is not something where it is necessarily true that this court overlooks what appears to be a fundamental defect or whatever, however you want to characterize it. It's a case where this is the wrong, at a minimum, this is the wrong procedural vehicle and the wrong time to decide whether it warrants release. It's not under 2255. Correct. Correct. So there is a procedure that could be done, but we don't want you in a situation where whenever a 2255 petition is reviewed, we have to look at all defaulted claims. I'm sorry, Judge? We would have to look at all defaulted claims. Right. Exactly right. Exactly right. That would be the precedent that would be set here. And worse, it would be set here based on really the sole basis here would be because the defendant had a surplus of potential violent felonies. And that's just, in our view, that would not be the proper way to go. So if there are no further questions, the government would ask that this court adjourn the district court's decision. Thank you, Counselor. I am quite surprised to hear the Department of Justice say that 2241 is available. It's not. If this claim were raised under 2241, the government would say this doesn't meet the test. The test is from Henry Davenport from this court, although Mr. Hrusky is not imprisoned in this circuit. But the official Department of Justice guidance, as I understand it in this administration, is 2241 is almost never available. So if the government suggests that we can work this out and would agree to a disposition under 2241, we'd be agreeable to that. But this just doesn't fit the criteria. 2241 requires a retroactive decision, usually from the Supreme Court, that can't be raised under 2255. Buckmeyer is not that sort of case. So this is not 2241, and there is a Johnson error here. There is an error. Some courts have talked about this sort of error as akin to a jury instruction error, where you have a wrong jury instruction, and so it's conceded there's an error. But that doesn't necessarily mean, you know, a jury instruction says you can convict on this basis, which is lawful, or this basis, which is unlawful. And courts typically approach those questions and say, okay, well, we know that this verdict may have been based on this faulty jury instruction, and so normally you would send that back for a jury to be correctly instructed, unless the error is harmless. That's essentially what the Ninth Circuit has done, and that's what this court should do. If we look at the whole record, we consider that Mr. Hrabowski has only one violent felony, and yet he's imprisoned well beyond the statutory maximum for somebody with one prior violent felony. It is the government's burden to show that the error is harmless on Johnson. One last thing. Again, I think we've touched on this, but, you know, the equities go both ways. Mr. Hrabowski's lawyer should have raised this at the trial level. His lawyer should have raised this at the direct appeal, and no lawyer found this for him. He submitted everything in the district court on this 2255 pro se, including this whole restoration of rights argument. So to say that he should spend an extra 14 years or 12 years in prison simply because no lawyer ever caught it, I think is sending the wrong message as well, so we'd ask the court to reverse. Thank you. Thank you. Thanks to both counsel, and the case will be taken under advisement, and the court will be in recess.